UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANIEL THIEKE                                    CIVIL ACTION

VERSUS                                           NUMBER: 10-2703

RODNEY STRAIN, JR., ET AL.                       SECTION: "R"(5)

### REPORT AND RECOMMENDATION

Presently before the Court is the Rule 12(b)(6) motion to dismiss of the St. Tammany Parish Sheriff's Office ("STPSO"). (Rec. doc. 10). Despite being ordered to file a response to STPSO's motion (rec. doc. 12), to date no such response has been forthcoming from plaintiff.[1]/ For the reasons that follow, it is recommended that STPSO's motion be granted.

Pro se plaintiff, Donald Thieke, filed this 42 U.S.C. §1983

---

[1]/ The granting of STPSO's motion on this basis alone is warranted. See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir.), cert. denied, 522 U.S. 875, 118 S.Ct. 195 (1997).

1

proceeding in forma pauperis against Sheriff Rodney Strain, Jr. and, arguably, STPSO.[2]/ In his complaint, plaintiff complained of being subjected to violence at the hands of other prisoners even though jail officials knew or should have known of that possibility. (Rec. doc. 1).  By way of its present motion, STPSO argues that it should be dismissed from this case as it lacks the capacity to be sued.

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pleaded facts as true and must review the facts in the light most favorable to the plaintiff.  See Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); American Waste & Pollution Control Co. v. Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir. 1991).  The Court must resolve all doubts as to the sufficiency of the claim in plaintiff's favor. Vulcan Materials Co. v. City of Tehuacana, 238 F.3d 382, 387 (5th Cir. 2001).  Dismissal is warranted if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. Id.; Piotrowski v. City of Houston, 51 F.3d 512, 514 (5th Cir. 1995)(quoting Leffall v. Dallas

---

[2]/ While the caption of plaintiff's complaint can be read to the effect that there are two named defendants to this suit, a review of page three of the complaint, where plaintiff was directed to identify each defendant separately, reveals that there is only one defendant herein, namely, Sheriff Strain of the St. Tammany Parish Sheriff's Department. (Rec. doc. 1, pp. 3).

Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994)).

The law is well-settled that in order to set forth a cognizable claim under 42 U.S.C. §1983, an aggrieved party must allege that the defendant, a "person" acting under color of state law and in accordance with an established state procedure, deprived him of the rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986). On that score, sheriff's offices of parishes are not considered to be "persons" within the meaning of §1983 and are thus incapable of being cast in judgment under Rule 17(b), Fed.R.Civ.P. Cozzo v. Tangipahoa Parish Council, 279 F.3d 273, 283 (5th Cir. 2002); Wetzel v. St. Tammany Parish Jail, 610 F.Supp.2d 545, 548 (E.D. La. 2009); Calhoun v. Sanderson, 2003 WL 1595088 at *4-5 (E.D. La. March 25, 2003); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989). Accordingly, it will be recommended that STPSO's motion be granted and that plaintiff's claims against it be dismissed for failing to state a claim upon which relief can be granted.

## RECOMMENDATION

For the foregoing reasons, it is recommended that STPSO's motion be granted and that plaintiff's claims against it be

dismissed for failing to state a claim upon which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  4th  day of    November    , 2010.

                                            ALMA L. CHASEZ
                            UNITED STATES MAGISTRATE JUDGE