```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA
```

DONALD THIEKE                                    CIVIL ACTION

VERSUS                                           NUMBER: 10-2703

RODNEY J. STRAIN, JR., ET AL.                    SECTION: "R"(5)


**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Donald Thieke, against defendants, Sheriff Rodney J. Strain, Jr. and the St. Tammany Parish Sheriff's Office ("SPSO"). (Rec. doc. 1). Plaintiff, an inmate of the St. Tammany Parish Jail ("STPJ") at the time that he submitted his complaint to the Court for filing, alleged that he was improperly housed with inmates who were sentenced to the custody of the Louisiana Department of Corrections ("DOC") resulting in him being attacked by a group of prisoners on November 24, 2009, the risk of which was known or should have been known by jail officials. (Id. at pp. 4-9). For this alleged violation of his constitutional rights, plaintiff seeks compensatory and punitive damages and declaratory relief. (Id. at p. 4).

As a result of previous motion practice, plaintiff's claim against SPSO was dismissed. (Rec. docs. 10, 12-15). By order dated March 21, 2011, the Court scheduled a preliminary conference to be held in this matter via telephone on April 21, 2011 at 2:00 p.m. (Rec. doc. 16). A copy of that order was mailed to plaintiff at his address of record but was subsequently returned to the Court as undeliverable as plaintiff was no longer housed at STPJ. (Rec. doc. 17). It has now been over thirty-five days since that piece of mail was returned to the Court.

Local Rule 11.1 provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 41.3.1 further provides that "[t]he failure of an attorney or pro se litigant to notify the court of a current ... postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return." The foregoing Rules impose an affirmative obligation on parties to keep the Court apprised of their current mailing addresses and relieves court personnel of that burden. See Lewis v. Hardy, 248 Fed.Appx. 589, 593 n.1 (5th Cir. 2007), cert. denied, 552 U.S. 1246, 128 S.Ct. 1479 (2008); Thomas v. Parker, 2008 WL 782547 (E.D. La. March 19, 2008); Batiste

2

v. Gusman, 2007 WL 1852026 (E.D. La. June 26, 2007). The importance of this obligation was noted by the Fifth Circuit years ago when it stated that "[i]t is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail."[1]/ Perkins v. King, 759 F.2d 19 (5th Cir. 1985)(table). Finally, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with a court order. Lopez v. Aransas County Independent School District, 570 F.2d 541 (5th Cir. 1978).

As noted above, plaintiff has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1. Plaintiff acknowledged his obligation in that regard when he signed his complaint, the fifth page of which states that "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." (Rec. doc. 1, p. 5). The Court must therefore assume that plaintiff has no further interest in prosecuting this case.

---

[1]/ While the vast majority of information between the Court and litigants is now transmitted electronically via the CM/ECF system, communications between the Court and pro se prisoners are still conducted primarily by mail.

3

As plaintiff is proceeding pro se in this matter, this failure is attributable to him alone.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed for failure to prosecute pursuant to Local Rule 41.3.1 and Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __6th__ day of ___May___, 2011.

                                      ALMA L. CHASEZ
                        UNITED STATES MAGISTRATE JUDGE